ELAM M. SANFORD

*v.*

ELIZABETH RAWLINGS.

1. EXPERTS — *latent ambiguity.* Where evidence is introduced on a trial to show the terms of a contract for the erection of a marble monument, it is error to call other witnesses, who are dealers or workmen in marble, and to

ask them, " What, in the trade of a marble dealer, is meant by a contract to erect a monument ? "

2. SAME — *meaning of contract.* It is wholly unnecessary to call a workman in marble to prove the legal import of a contract " to erect a monument," or what would be understood by such a contract in the trade, because there could be no dispute as to its meaning. The law would attach to this language a precise signification.

3. CONTRACTS — *must be shown by the language and acts of the parties.* What a contract is must be shown by the language and acts of the parties, and not by proving what is the custom of dealers and workmen as to their mode of executing particular contracts.

APPEAL from the Circuit Court of Morgan county ; the Hon. D. M. WOODSON, Judge, presiding.

This was an action of assumpsit, brought by Elam M. Sanford against Elizabeth Rawlings, to recover the value of a marble monument, furnished by the former to the latter, to be erected over the grave of her deceased husband.

The case was tried at the March Term, A. D. 1866, of the Morgan Circuit Court. The jury found a verdict in favor of the defendant, upon which judgment was rendered by the court. The case is brought here by appeal.

The facts of the case are stated in the opinion.

Mr. H. J. ATKINS, for the appellant.

Mr. H. E. DUMMER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This was an action brought by Sanford against Elizabeth Rawlings, to recover the value of a marble monument, sold by the former to the latter, to be erected on the grave of her deceased husband. The monument, having been finished in the plaintiff's shop at Jacksonville, was taken away by the son of the defendant, and soon afterward the plaintiff went to the residence of the defendant, in Cass county, to superintend its erection. The monument was broken in the process of erection, and the defendant, insisting that it had never been fully

delivered and was still at the risk of the plaintiff, refused ·payment.

The chief question in controversy on the trial was, whether, by the terms of the contract between the parties, the plaintiff was merely to make and deliver a monument at his shop, and to assist at its subsequent erection, or whether he was to erect the monument before it was to be considered as delivered. On this point the evidence was conflicting — one of the plaintiff's workmen testifying that the monument was to be delivered at the shop, and that the defendant agreed to receive it there, while a son of the defendant swore, that the plaintiff contracted to make and erect the monument. After this testimony was heard, the defendant was permitted to call, as witnesses, two dealers and workmen in marble, and to ask them what, in the trade of a marble dealer, was meant by a contract to erect a monument? The admission of the testimony drawn out by this answer, against the objections of the defendant, is assigned for error, and is well assigned.

It is sought to justify this evidence, on the ground that it was admissible to explain a latent ambiguity. But there was no latent ambiguity to be explained. The controversy was, not as to the meaning to be attached to certain terms admitted to have been used by the parties in making their contract, but as to what precise terms had been in fact used. It was wholly unnecessary to call a worker in marble to prove the legal import of a contract to erect a monument, or what would be understood by such a contract in the trade, because there could be no dispute as to its meaning. The law would attach to this language a precise signification. But proof of the meaning of a contract to erect a monument would certainly tend, in no degree, to shed light upon the question, whether this plaintiff had made a contract of that kind, or one altogether different, and this was the point really at issue between these parties. What the contract was must be shown by the language and acts of the parties, and not by proving what is the custom of marble dealers as to their mode of executing particular contracts. *Sigsworth* v. *McIntyre*, 18 Ill. 128.

Neither can it be said that the testimony, if improper, was still harmless. It would tend to mislead the jury, because the court, in permitting the question to be asked, virtually assumes that the contract, whose meaning is inquired after, is the one that has been proven. It is almost certain that a jury would draw an inference from this evidence unfavorable to the plaintiff. The judgment must be reversed and the cause remanded.

*Judgment reversed.*