# Mary J. Illingsworth

## v.

## Enos Slosson.

Broker—Express contract.—A entered into a written contract with B by which he was to procure a loan for B. The amount to be procured, rate of interest, time, compensation, etc., were fixed and expressed in the contract. A did not procure any one who would make the loan on the terms fixed in the contract, but introduced C, who made a loan for a less amount and at a higher rate. *Held*, that A could not recover any compensation.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed June 16, 1886.

This was an action brought before a justice of the peace, and taken on appeal by appellant to the circuit court, where a trial was had before a jury.

Plaintiff's claim was based upon a contract in writing, which was in the following terms: "Application for a loan. Enos Slosson. I, Mary J. Illingsworth of place and kind of business, physician, hereby engage your services as broker to procure for me a loan under the following conditions: Amount, $10,000; date, June 15; time, five years; rate, six per cent.; payable semi-annually; principal and interest payable at ; security, lots 27 and 28, block 44, in Carpenter's addition to Chicago; street number 352 and 354 Randolph street. Improvements, two story and basement stone and brick buildings; size 44 and 50 or over; when built they will cost $10,000; rental, $2,400; value of ground, $10,000; present value of improvements, $1,200; total, $22,200; on the lot, now to be moved in the rear, two story frame building; insurance to be assigned to the amount of $8,000 or $100,00, for term of three or more if I can. Title in Mary J. Illingsworth, mother of G. M. Illingsworth; abstract of title made by Handy, Simmons & Co., Gilman & Pollock or Haddock, Coxe & Co., to be furnished for examination, and if loan is

Illingsworth v. Slosson.

made, to be continued, showing the mortgage or trust deed (made for the security of the loan) of record and left with mortgage. If title is not found satisfactory, the applicant is to pay for the examination. Abstract of title has been examined by   . Loan to be paid over in   . Incumbrances, if any, to be paid off; $1,000 to be paid, due now ; commissions, two and one-half per cent. References, Van Schaak, Stephenson and Reed. Pay   balance   upon   architect's certificate, as proposed improvement progresses, a part to be reserved by E. Slosson, at his discretion, till improvements are completed and voucher for final payment shown.

"G. M. ILLINGSWORTH, for
"MARY J. ILLINGSWORTH."

The evidence tended to show that Slosson spent time and made exertions to comply with the contract, but that he did not procure any person who would make the loan on the terms fixed in the contract. He introduced Mayo, who finally made a loan on the property to Illingsworth, but it appeared that Mayo would not loan the amount mentioned in the contract, nor at the rate of interest specified therein. The meeting of Mayo and Illingsworth led to other negotiations between them, and an arrangement was consummated by which Mayo loaned $9,000 on the property for two years at seven per cent.

The jury returned a verdict for $125, and the motion to set aside the verdict was overruled and judgment rendered, and the case comes here by appeal.

Mr. RUFUS KING, for appellant; cited 2 Parsons on Contracts, 519; Taylor v. Beck, 13 Ill. 376; Bacon v. Cobb, 45 Ill. 47.

Mr. W. B. CUNNINGHAM, for appellee; cited Hanford v. Shapter, 4 Daly's Rep., N. Y., 243; Carter v. Webster, 79 Ill. 435; Lawrence v. Atwood, 1 Bradwell, 223; Dyer v. Sutherland, 75 Ill. 586.

MORAN, J. The written contract between the parties to this case is plain, full and unambiguous. Slosson was engaged to procure a loan for Illingsworth of the sum of ten thousand

dollars, for the term of five years, at six per cent. interest, and for doing so he was to be paid two and one half per cent. on said amount. The evidence shows that whatever he did about the matter he did in pursuance of the contract, and it further conclusively establishes that he failed to obtain any loan upon the conditions of the contract.

The plaintiff having clearly proven that he failed to perform the contract, we are at a loss to understand how he could obtain remuneration for what he did in trying to perform it. It does not appear that he was prevented from accomplishing what he undertook by any act of defendant, but it does appear that he could not accomplish what defendant agreed to pay him for performing. The contract is entire. What was to be done by one party and what was to be paid by the other is certain and fixed. In such case there can be no apportionment, and no recovery for any part of the consideration, until that for which it is agreed to be paid has been performed. 2 Parsons on Contracts, 520–522; Rockwell v. Newton, 44 Conn. 333.

Where the parties have made an express contract, no contract will be implied, and the action must be upon the express contract, and the recovery under its terms; and no recovery on the *quantum meruit* is authorized or can be sustained. Walker v. Brown et al., 28 Ill. 378; Ford v. McVay, 55 Ill. 119; Sickles v. Pattison, 14 Wen. 257. "One who, for a stipulated price, undertakes to find a purchaser for a farm, is not entitled to anything unless he finds a purchaser willing to buy the whole farm. " Weber v. Clark, 24 Minn. 354.

Cases cited by counsel for appellee, holding where brokers were given property for sale, or to find a customer, and through the efforts of the broker a customer is found, or the seller and buyer brought together, that the broker is entitled to his commission according to the customary rate, have no application to a case where there is a special contract; nor is any proof of custom admissible when the parties have covered the points by an express agreement. Collender v. Dinsmore, 55 N. Y.; Sandford v. Rawlings, 43 Ill. 92.

The jury has no right to give a verdict for some compensation to a party, on the general ground that he ought to

have something for what he has done, when a contract is proven between the parties, by which they have agreed as to their respective rights and duties. The parties must be held to their contract, no matter how difficult, harsh or apparently unjust the operation of the rule may be. Bacon v. Cobb, 45 Ill. 47.

The verdict of the jury should have been set aside by the court as being without support from the evidence, and the judgment was erroneous and must be reversed.

Reversed and remanded.