# CASES DETERMINED

IN THE

# ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS,

## OCTOBER TERM, 1890.

DAVID J. HAYDEN *et al.*, Respondents, v. ANTONIO GRILLO'S ADMINISTRATOR, Appellant.

### St. Louis Court of Appeals, October 28, 1890.

1. **Real-Estate Broker: COMMISSIONS.** *Held* that it was not necessary for the plaintiff, who was a real-estate broker, and was suing for his commissions for the sale of realty, to show that the sale had actually been completed either by a conveyance or an enforceable contract of sale.

2. **Practice, Appellate: RES ADJUDICATA.** When a cause is remanded by this court for retrial, and is thereafter tried in conformity with the opinion of this court, the trial court cannot be put in the wrong for so doing.

3. ———— : ————. Ordinarily when this court remands an action at law for retrial, its order is tantamount to an intimation that the evidence is sufficient to take the case to the jury.

4. **Pleading: CUSTOM.** When a special custom is relied upon to take a case out of the general rules of the law, it must be specially pleaded ; it cannot be shown under a general denial.

5. **Witnesses:** COMPETENCY. When one of the parties to an action dies after a trial, and his testimony is preserved in a bill of exceptions, it may be put in evidence, and consequently the surviving party may testify as to any of the points embraced in his former testimony ; but, if he gives a different version of any of them, his testimony so far should be ruled out.

6. **Practice, Trial:** SUFFICIENCY OF OBJECTIONS TO EVIDENCE. If a witness be competent to testify as to some matters, but incompetent as to others, a general objection to his competency before he testifies is insufficient; the objection must be directed to the matters as to which he is an incompetent witness.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*John A. Lewis* and *E. A. B. Garesché,* for appellant.

( 1 ) The facts in evidence in this case do not show that plaintiffs ever made such sale of the property belonging to the appellant's intestate, as would entitle them to claim of him commissions. *Parker v. Walker,* 86 Tenn. 569 ; *Rice v. Mayo,* 107 Mass. 550 ; *Vaezie v. Parker,* 72 Maine, 443 ; *Barnard v. Manott,* 34 Barbour, 90 ; *Reiger v. Bigger,* 29 Mo. App. 428 ; *Collins v. Fowler,* 8 Mo. App. 588 ; *Love v. Miller,* 53 Ind. 294 ; *Glentworth v. Luther,* 21 Barb. 145 ; *Pierce v. Powell,* 57 Ill. 324 ; *Kimberle v. Henderson,* 29 Md. 515 ; *Richard v. Jackson,* 31 Md. 252 ; *Powers v. Kane,* 5 Wis. 265 ; *De Santos v. Taney,* 13 La. Ann. 151 ; *Stillmann v. Mitchell,* 2 Robertson (N.Y.) 523 ; Wharton on Agencies, sec. 328. ( 2 ) The contract of employment between plaintiff and the deceased being executory, he had a right to terminate it at any time before a sale of his property had been made. *Gaty v. Sack,* 19 Mo. App. 478 ; *Jones v. Berry,* 37 Mo. App. 131. ( 3 ) The court erred in permitting plaintiff Hayden to testify, and in subsequently refusing to strike out, on motion of defendant, certain evidence of the said D. J. Hayden which had not been given in the former trial.

*Christian & Wind*, for respondents.

( 1 ) The pleadings, evidence and instructions pre-sented by this record being " practically in the same shape that they were before," the issues were the same. As the instruction, for the failure to give which this cause was reversed when here before, was given at the last trial, every question of law and fact has been adjudicated, finally and forever. ( 2 ) The testimony of Grillo having been preserved, and constituting part of the record in the cause, Hayden was a competent witness. *Coughlin v. Hauessler*, 50 Mo. 126. "The former testimony of Hayden cannot be read, because he is alive, and it is not, therefore, the best evidence. It is, therefore, necessary that he should himself testify." *Corby v. Wright*, 9 Mo. App. 7.

THOMPSON, J.—In this case there have been three trials and three judgments in favor of the plaintiff. The case has been twice before this court, and is reported in 26 Mo. App. 289, and 35 Mo. App. 647. The two opinions of this court express the deliberate judgment of this court upon the law as applicable to the facts of this case. It is conceded that the evidence upon the last trial is substantially the same as that upon the preced-ing trial. We have, therefore, only to consider whether the case was tried in accordance with the theory of the law thus expressed by this court in its two preceding opinions.

In our former opinions in this case, three proposi-tions were laid down as the grounds, upon which alone a real-estate broker is entitled to recover his commission from the person who employs him to negotiate a sale of real estate : *First*. He must get a *contract* of purchase from a solvent purchaser, capable of being enforced in law. Or, *second*, he must *produce* to his principal a person who is at once *willing* and *able* to make the purchase. But, *third*, these two requirements may be

dispensed with by the act of his principal, where the broker notifies the principal that he has found a solvent person, who is both *ready* and *willing* to make the purchase ( such being the fact ), or that he has *procured* from a solvent purchaser a *contract* of purchase, and his original principal refuses to proceed further with the transaction, or to conclude the sale, without requiring either the production of the purchaser or the contract of purchase. In this last case the principal, by his own conduct, relieves his broker from the necessity of proceeding further; for the law does not require a man to do a vain thing. He puts himself exactly in the position of a man who is entitled to have a tender made to him, but who announces in advance to the person, who stands under the legal obligation of making the tender, that he will not accept it. In such a case he waives the tender, and the rights of the party stand in law exactly as though the tender had been made and refused. On the trial, from which this appeal is prosecuted, the court submitted the case to the jury in conformity with the governing principles of law as thus laid down ; and gave, among other instructions, an instruction refused on the last previous trial, and for the refusal of which the judgment was reversed by this court. The instructions upon which the case was thus submitted to the jury were four in number. One of them was given at the request of the plaintiff ; two at the request of the defendant ; and the last by the court of its own motion.

I. The first error which is now assigned is that the court should have withdrawn the case from the jury. When we reverse for errors of law a case at law in which the plaintiff has been successful, and then remand the cause for further proceedings, our order of remand is ordinarily tantamount to an intimation to the trial court that in our judgment there is a case to go to the jury ; and in such a case the trial court will generally be warranted in submitting the case to another jury substantially on the same evidence. If there are any

exceptions to this rule, our opinions in the exceptional cases do, or at least should, note the exceptional circumstances for the guidance of the trial court. In this case we were of opinion on the former appeal that there was a case for a jury, and we remain of the same opinion.

II. The next assignment of error relates to the refusal of certain instructions tendered by the defendant. We have already stated that the court submitted the case to the jury upon four instructions, drawn in accordance with the theories which this court announced in its opinions in the two former appeals. This rendered the giving of any other instructions unnecessary ; and the court could not be put in the wrong, and the judgment reversed, for the refusal of any number of other instructions, however correct in themselves or appropriate in their applications to the facts of the case. But, on examining the other instructions tendered by the defendant, we regret to find that they are all either opposed to the views of the law which were distinctly expressed by this court in its former opinions, or else unsupported by the evidence. All of these instructions, except one, proceed upon the hypothesis, that, in order to entitle the plaintiffs to recover their commissions, it was necessary that a sale of the property in question should actually have been *completed* by them, either by a conveyance, or an enforceable contract. That such is not the law was distinctly ruled by this court in both of the previous appeals.

The other instruction tendered by the defendant, and refused, proceeds upon the hypothesis of a custom, existing among real-estate agents in St. Louis, to give their principals notice of having procured a purchaser, after the lapse of considerable time between the employment and the time of thus procuring the purchaser. The court properly refused this instruction, for the reason that there was no such issue in the case. The only answer, on which the case went to trial, was a general denial. It is necessary to plead a special custom,

where such a custom is relied upon, to take a case out of the general rules of the law. Further, there was no evidence in this case tending to prove any such custom.

III. The last assignment of error relates to the competency of the plaintiff, D. J. Hayden, to testify as a witness in his own behalf. The objection to his competency was predicated upon the fact that, since the previous trial and before the last trial, the defendant Grillo had died, and the action was revived against his administratrix. The contention is that the death of the defendant Grillo rendered the plaintiff incompetent to testify as a witness—at least, as to any fact not embraced in his former testimony. It was held in *Coughlin v. Hauessler*, 50 Mo. 126, that, where the testimony of the party who has died since the last trial is preserved in a bill of exceptions, it may be put in evidence, and, consequently, that the surviving party may testify as to any points embraced in his former testimony,—though, if he gives a different version of any of them, his testimony should so far be ruled out. In this case the only objection, taken to the testimony of the plaintiff Hayden, was an objection to his competency interposed before he had commenced testifying, which objection was predicted upon the general ground that the other party to the suit had died. But, as above seen, he was competent as a witness, provided he kept within the bounds above stated ; and, if he transcended those bounds, either by testifying to new points, or by giving a different version of the facts from that given in his former testimony, the objection should have been interposed on that ground, to those particular items of testimony. The objection was, therefore, taken in such form that, although the witness may have transcended the bonds prescribed by the rule ( we do not say that he did ), it presents nothing for review.

This disposes of all the assignments of error, and it follows that the judgment must be affirmed. It is so ordered. All the judges concur.