[No. 1045. Decided July 10, 1894.]

Otto Vollrath, *Respondent*, v. Thomas Crowe *et al.*, *Appellants*.

EVIDENCE — CUSTOM — MISCONDUCT OF JUROR.

Where a definite contract has been made, and the controversy is not as to the meaning of the terms used by the parties, but as to what precise terms had in fact been used, evidence of custom is not admissible.

*Semble*: That a new trial should be granted when it is shown that the successful litigant and one of the jurymen, during the progress of the trial, had been promenading the street, conversing together, and playing at cards and drinking together in a saloon.

*Appeal from Superior Court, Snohomish County.*

*Bell & Austin*, and *W. R. Andrews*, for appellants.

*Fishback, Sapp & Ferry*, and *A. W. Frater*, for respondent.

The opinion of the court was delivered by

Scott, J.—The plaintiff brought this action to recover the amount of a promissory note for $400, which he alleged he had executed to defendants without any consideration other than for their accommodation, and which they had negotiated and he had been compelled to pay. The defendants admitted the making and negotiation of the note, but denied that it was without any other consideration than their accommodation, and by way of counterclaim alleged that in January, previous to the execution of said

note, they had sold and delivered to the plaintiff a quantity of cedar logs, and that the plaintiff had not paid any part of the purchase price otherwise than as said note was a partial payment. The plaintiff replied, denying this affirmative matter. Verdict and judgment for plaintiff.

The controversy was as to whether the title had passed. The plaintiff testified that the logs were to be scaled and delivered at his mill according to the terms of the contract. The defendants contended that the logs were to be accepted according to a scale made at Priest's Point. The logs were taken from this place and were lost before reaching the mill. The plaintiff was allowed to introduce proof to show a general custom in case of a sale of logs to scale and deliver them at the mill. This testimony was objected to by the defendants, and its admission is alleged as error. We think the point is well taken. The contract was not indefinite. There was simply a controversy as to what the contract was. Both parties admitted that there was an express agreement as to where the logs were to be scaled and delivered. In such a case proof of a custom to scale at the one place or the other was inadmissible.

"Where a contract is by word of mouth, and the controversy is not as to the meaning of the terms used by the parties, but as to what precise terms had been in fact used, evidence of custom is not admissible." Lawson on Usages and Customs, § 187.

And, see *Sanford v. Rawlings*, 43 Ill. 92.

A great many questions have been raised on this appeal; but as many of them are unimportant and none of them are likely to arise upon a new trial, and owing to the lengthy discussion it would take to pass upon them, we shall not undertake to do so. There is one, however, which we cannot allow to pass without comment. A motion for a new trial was made by the defendants, and proof was submitted that during the progress of the trial the plaintiff

and one of the jurymen were playing at cards and drinking together at a saloon; that they were walking together and conversing with each other. This was not contradicted, although affidavits were submitted to the effect that the plaintiff and the juryman in question did not converse about the case. Nothing was said as to whether the plaintiff or the juryman paid for the liquor which was drunk by them while they were playing cards together. It seems that defendants were unable to obtain any proof in relation thereto, but we think it is fair to assume that it was paid for by the plaintiff. It was a matter within his knowledge and he had an opportunity to show the fact if it was otherwise, and having failed to do so it should be presumed against him under the circumstances. While we do not say what we would do as an appellate court if the disposition of the case rested upon this one question, as the granting of a new trial is largely entrusted to the discretion of the lower court, yet we may safely say that were the proposition before us originally as a trial court we would grant the motion for a new trial upon this ground, if there were no other reasons to warrant it. Such conduct upon the part of the plaintiff and the juryman was reprehensible in the extreme. Instead of seeking each other's society they should rather have avoided it. Trials of causes should have the appearance of fairness, and it would tend greatly to bring judicial proceedings into disrepute if matters of this kind should be overlooked or tolerated. We fully agree with the contention of appellants that a verdict rendered by a jury, a portion of whom are found to have been promenading the street, conversing, playing at cards and drinking with the successful litigant, has the appearance of anything but fairness, and let it once be understood that such things are permissible and we will be treated to the spectacle of litigants vieing with each other in both private and public places in attempts to win the good will and fa-

vor of the jury, and the administration of the law greatly scandalized thereby.

Reversed.

DUNBAR, C. J., and ANDERS, HOYT and STILES, JJ., concur.