[No. 7907. Department One. June 22, 1909.]

GEORGE PEYSER, *Respondent*, v. WESTERN DRY GOODS
COMPANY, *Appellant*.[1]

APPEAL—REVIEW—TRIAL—AMENDMENT OF PLEADINGS. Where evidence is admitted without objection as to matters outside the issues, and the defendant was not misled and asked no continuance, the complaint will be deemed amended on appeal to embrace the matters in proof.

CUSTOM AND USAGE—EVIDENCE—TO PROVE CONTRACT—ADMISSIBILITY. Where a broker's commission was agreed upon, but there was a dispute as to whether the contract provided for payment of the commission on sales made by others in the agent's territory, evidence of the general custom as to commissions usually paid is inadmissible.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Error cannot be assigned on the judge's comment on the evidence, where the remarks were addressed to counsel during the trial and no exceptions were taken.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 10, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover an agent's commission. Affirmed.

*Anderson & Servis* and *Roberts & Hulbert*, for appellant.
*E. P. Dole* and *J. E. McGrew*, for respondent.

GOSE, J.—The respondent, a traveling salesman, the plaintiff below, instituted this suit to recover the balance due him as commission on sales which he claimed to have made for the appellant. This case was here on a former appeal. See 48 Wash. 55, 92 Pac. 886, for a fuller statement of the issues. In this trial, as well as in the former one, there was a verdict and judgment for the plaintiff. The defendant has appealed from such judgment.

The single question at issue in this trial was whether the respondent was entitled to a commission on the sum of $5,-

[1]Reported in 102 Pac. 750.

057.99, the value of the goods sold in his territory, which sales he did not make. At the beginning of the trial, the parties stipulated that goods of the value of $25,944.30 were sold in respondent's territory while he was in the employ of the appellant. The respondent insisted at the trial that he was entitled to a commission on that sum. The appellant contended that the respondent was entitled to a commission on that amount, less $5,057.99. During the progress of the trial, certain correspondence between the parties was admitted in evidence. Later, the respondent testified without objection that there was a subsequent oral contract between the parties, whereby he was to be paid a fixed commission on all goods sold in his territory without regard to who made the sales. The court instructed the jury as follows:

"Under the evidence of the case, gentlemen, and the admissions of the parties, in the opinion of the court, the only controversy for you to determine is the question of fact, whether or not after the acceptance of this written proposition of the defendant by the plaintiff there was an oral supplemental agreement between the parties whereby the plaintiff was to receive a commission not only upon the sales made by himself but upon the sales made by the defendant within his territory. This is the only fact for you to determine."

The appellant assigns error upon the giving of this instruction, and urges that the respondent's recovery should have been limited to a commission on all goods sold by him, as alleged in the complaint. The respondent could have amended his complaint so as to include the disputed items. Evidence having been admitted without objection, the complaint will be treated as having been amended so as to conform to the evidence. Bal. Code, §§ 4957, 6535 (P. C. §§ 428, 1083); *Peterson v. Barry,* 50 Wash. 361, 97 Pac. 239; *Dunlap v. Rauch,* 24 Wash. 620, 64 Pac. 807; *Spokane Valley Land & Water Co. v. Jones & Co., ante* p. 37, 101 Pac. 515. The appellant does not appear to have been misled. Not having objected to the introduction of the evidence

and having made no application for a continuance, he will not now be heard to complain. The appellant's manager, with whom the respondent testified he made the oral contract, was offered as a witness on behalf of the appellant, and testified that the respondent's commission was limited to sales which were made by the respondent. There was no other evidence as to the right of the respondent to have a commission on sales made in his territory but which he did not make.

The appellant sought to introduce evidence of a general custom among wholesale houses as to the commission paid in cases of this character. The court excluded the testimony. This is assigned as error. In support of this assignment, the appellant cites *Noyes v. Pugin*, 2 Wash. 653, 27 Pac. 548; *Adamant Plaster Mfg. Co. v. National Bank of Commerce*, 5 Wash. 232, 31 Pac. 635, and *Wheeler v. Buck & Co.*, 23 Wash. 679, 63 Pac. 566. In the *Noyes* case, the court, speaking to the admissibility of such evidence, say:

"Where no rate of compensation has been agreed upon, or where there is a conflict of evidence as to whether there was a rate agreed on or not, such testimony is competent."

In the *Adamant Plaster Co.* case, the court announced the familiar general rule that, where the contract is ambiguous, evidence of custom is admissible to explain the ambiguity. In the *Wheeler* case, the plaintiff asserted that, under the contract, he was to receive a fixed commission on sales, whilst the defendant contended that there was no agreement to pay any commission other than a reasonable one. The defendant sought to prove the profit it had in the sales. The trial court rejected the testimony. This court held that the evidence was admissible. These cases do not apply, for the reasons hereafter shown.

The rule is settled, in this state at least, that the evidence offered was not admissible. In *Swadling v. Barneson*, 21 Wash. 699, 59 Pac. 506, the question to be determined was when the plaintiff's commission became payable. The plaintiff contended that it became due when he procured a cus-

tomer for the defendant, whilst the defendant claimed there was no commission due until he had been paid for the business by the plaintiff's customer. The defendant sought to prove the "custom prevailing among commission men." At pages 703 to 704, the court said:

"Certainly, if this had been the real contract, the defendants could not have been bound by any custom in relation to the payment of marine commissions, if the custom proven had been to the effect that the commission was due when the contract was entered into. Neither could the plaintiff be bound by any custom shown which was in opposition to his alleged contract, so that the custom, if any existed, was absolutely immaterial, under the theories announced by both the plaintiff and the defendants in their respective pleading."

In *Williams v. Ninemire*, 23 Wash. 393, 63 Pac. 534, the plaintiff had sold certain cattle to the defendant. The issue was whether the point of delivery agreed upon was London or Montesano. The cattle were placed on a scow at London, to be carried to Montesano. The scow was capsized and the cattle lost. The plaintiff asserted that the agreed place of delivery was London, while defendant claimed that they were to be weighed and delivered at Montesano. At the instance of the defendant, testimony was admitted tending to show a custom among cattle dealers that, where cattle were sold to be weighed at Montesano, the title did not pass until the cattle had been weighed. At page 405 the court say:

"It is only where a contract is silent in some particular or is ambiguous that proof of custom is admissible, and such proof is then admissible only for the purpose of finding out what the contract really was, and not to overthrow it. Proof of custom is received in such cases upon the assumption that, as to those matters not covered by express stipulations in the agreement, the parties are presumed to have made their contract with reference to the established custom and usage of that place; and these the law will incorporate into the contract, in order to explain or complete it. But it is always within the power of the parties to exclude custom from their

dealings by their express agreement, as was done in this case."

It will be observed that this court has uniformly distinguished between cases where the terms of the contract have been agreed upon and those where the terms of the contract have not been agreed upon. It has also distinguished, in cases where the terms have been agreed upon, between custom as evidence of value and other evidence tending to show the value of the subject-matter of the contract. Stated in another form, it has held that, when there is a contract but a dispute as to the contract price, evidence of the value of the subject-matter of the controversy is admissible as a circumstance tending to prove or disprove the matter in dispute, whilst evidence of custom cannot be admitted for such purpose. It is conceded in this case that the commission was agreed upon, but there is a controversy as to what the agreement was. The writer is not convinced of the soundness of this distinction. If it were an original question in this court, he would be inclined to regard proof of a general custom as a circumstance tending to corroborate the appellant's version of the contract. However, being largely a rule of procedure, we will adhere to the rule we have heretofore announced.

It is finally urged that the court committed error in commenting on the evidence. The remarks of the court were addressed to counsel, during the progress of the trial, and no exceptions were taken or objections made. The court instructed the jury that they were the exclusive judges of all questions of fact. The assignment is therefore without merit.

Finding no error in the record, the judgment will be affirmed, and the respondent will recover his costs.

RUDKIN, C. J., FULLERTON, MORRIS, and CHADWICK, JJ., concur.