## George W. Brenton, Appellee, v. Allen Newlin, Appellant.

1. CONTRACTS—*what essential to recovery for work done under.*
"Where work is done under a contract, as was the case here, the plaintiff can only recover therefor when he has fully or substantially performed the conditions precedent to his right of recovery as stated in the contract, or else averred and proved a sufficient excuse for his non-compliance with its conditions." The pleadings must conform to the case as made by the evidence whether such evidence show full performance or part performance justified by a valid excuse preventing full performance; likewise, if the contract provide for payment as the work progresses, recovery may be had for part performance under the common counts.

2. EVIDENCE—*when declarations not binding.* Declarations made out of the presence of the person sought to be bound thereby and not authorized by such person, are incompetent.

Assumpsit. Appeal from the Circuit Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 15, 1911.

**Statement by the Court.** In the year 1905, John Colliflower and H. T. Cox, under the partnership name of Colliflower & Cox, had the contract for constructing a levee on the Indiana side of the Wabash river, opposite the village of Hutsonville, Illinois. In July of that year, the appellee began the construction of 1,000 feet of said levee. About the first of September of that year Colliflower & Cox became insolvent, and shortly thereafter were adjudged bankrupts and discharged under the laws of the United States relative to bankruptcy, the claim of $749 of Brenton for his work on the levee being scheduled by said firm as one of their liabilities. Appellee claims that he accepted a verbal contract of appellant by which he was to construct 1,000 linear feet of said levee, and that appellant told him that Colliflower & Cox would show him, appellee, where to work, and that no certain time was fixed in which to complete his contract.

Appellee insisted that the terms of his contract were that appellant was to pay him nine cents a yard for every yard he put up if he put up 9,000 feet, and if he put up 1,000 feet he was to have ten cents a yard (a cubic yard), and was to be paid 80 per cent after the first hundred feet was completed, 80 per cent after the second hundred feet was completed, and so on. Appellee claims that he put about 715 linear feet into the levee, and that that amounted to about $749. He never did complete his contract of 1,000 feet, but quit along with all the other levee builders when news of the insolvency of Colliflower & Cox reached the camps. In his suit against appellant, appellee's amended declaration contained only the common counts for goods, wares and merchandise sold and delivered; for money lent and for money paid out by plaintiff for defendant, and for money received by defendant for plaintiff's use, and for interest; for the price of work then done and for material provided at defendant's request; and for divers sums in arrears by the defendant to the plaintiff on an accounting to plaintiff. A bill of particulars was filed by plaintiff by order of the court, and the following is the item in said bill for which recovery was had by appellee, to wit: "Oct. 15, 1905, to building 7490 cubic yards of levee at ten cents per yard—$749, as per contract with Newlin at his request." Appellant pleaded *non assumpsit,* and on a jury trial verdict and judgment were rendered against appellant and in favor of appellee for $749.

PARKER & EAGLETON, for appellant.

P. B. MAY and P. G. BRADBURY, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

It is urged on this appeal by appellant that there is no sufficient declaration in this case to support the

judgment of the lower court. The only possible theory of recovery by appellee for the full amount of his claim at ten cents per cubic yard, under the pleadings in the case, and the bill of particulars, is that he fully complied with all of the terms of his contract. He did not complete his contract, according to his own evidence. He swears that he contracted to build 1,000 linear feet of the levee at ten cents per cubic yard, and that he was not to receive ten cents per cubic yard unless he completed as much as 1,000 feet of the levee. He only claims to have completed about 715 feet of the levee, while one of his witnesses states that he only completed 300 feet. He also states that he was only to be paid eighty per cent of the contract price for each section of 100 feet of completed levee until the entire contract was completed, as we understand his evidence. The only theory upon which he could be permitted to recover ten cents per cubic yard for building less than 1,000 linear feet of levee, under the contract as claimed by him, would be by averring and proving a sufficient excuse for his failure to complete a thousand feet of levee, as he had contracted to do. He does not pretend that the defendant ever gave him any cause for quitting the work prior to, or on, the day he did quit it. He places all of Newlin's refusals to pay him for his work after he had quit the work. If he had proved that Newlin ordered him to quit the work or prevented him from performing the entire contract, a recovery could not be had at ten cents per cubic yard, under his declaration and his evidence, for the portion of the levee completed by him. He should in such case have declared upon the contract averring his part performance and stating an excuse for not completing the contract. Without such a declaration evidence that the defendant prevented his performance of an express contract is unavailing, and is not properly admitted. "Where work is done under a contract, as

was the case here, the plaintiff can only recover therefor when he has fully or substantially performed the conditions precedent to his right of recovery as stated in the contract, or else averred and proved a sufficient excuse for his non-compliance with its conditions.'' City of Peoria v. Construction Co., 169 Ill. 36; Parmly v. Farrar, 169 Ill. 606; Hart v. Carsley Mfg. Co., 221 Ill. 444.

It is not possible to sustain the whole of the court's judgment, even upon the evidence of appellee. However, if his contract was to the effect that he was to build 1,000 linear feet of levee at ten cents per cubic yard, and was to be paid eighty per cent of the contract price for each completed section of 100 feet, in such case he could recover under the common counts eighty per cent only of the contract price for every such completed section, although the contract was not fully completed. Mt. Hope Cemetery Association v. Weidenmann, 139 Ill. 67. ''Where the parties have made an express contract, no contract will be implied, and the action must be upon the express contract, and the recovery under its terms; and no recovery on the *quantum meruit* is authorized or can be sustained.'' Illingsworth v. Slosson, 19 Ill. App. 612.

The court in its instructions to the jury did not follow the foregoing principles of law. These instructions tell the jury in substance that if they believed from the evidence that the defendant employed plaintiff to build a portion of the levee and agreed to pay him a certain stipulated price per yard, that then their verdict should be for the plaintiff for such sum as the work completed by him amounted to at such price. In another instruction the jury were told that if no price was agreed upon by the parties that then the plaintiff should recover whatever sum the evidence shows such work to have been reasonably worth. These instructions were not applicable to the pleadings or the evidence in the case, and were erroneous and misleading

to the jury. There was no *quantum meruit* count in the declaration, and no evidence upon which to base it. The plaintiff, if entitled to recover at all, was only entitled to recover according to the terms of his contract as above explained, and the jury should have been so informed by proper instructions. The defendant in this case denied that he made any kind of a contract with the plaintiff to build this levee; but only advised the plaintiff at his solicitation that plaintiff could earn more, or do better by taking a contract on the levee with Colliflower and Cox, than he would by raising a corn crop for that year. We do not desire to discuss the evidence on its merits. The plaintiff introduced evidence tending to prove a right of recovery, and we cannot in such case reverse the case without remanding it for a new trial. We are of the opinion, however, that the verdict of the jury is manifestly against the weight of the evidence and in such case it would be our duty to reverse and remand the cause, if no other reason therefor appeared in the record. Donelson v. E. St. L. Ry. Co., 235 Ill. 625.

The court also erred in admitting the declaration of Mr. Bays to the effect that Allen Newlin was the man for the creditors of Colliflower and Cox to look to for pay for their work. Mr. Bays was the attorney for appellee, was not authorized by Mr. Newlin to make such a statement, and such declaration was not made in the presence of Newlin, so far as the evidence shows.

For the errors above indicated the judgment of the lower court is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*