[No. 13067. Department Two. April 1, 1916.]

SYLVESTER WILKINS, *Respondent*, v. H. P. KESSINGER,
*Appellant.*[1]

CUSTOM AND USAGES—CONTRACTS—ADMISSIBILITY. Evidence of a
local custom or usage is inadmissible to support the claims of either
party as to the terms of a contract that is not ambiguous or of
doubtful meaning.

SAME—PLEADING—NECESSITY. Evidence of a local custom or
usage to divide a broker's commission is inadmissible in an action
on implied contract, unless the existence of the custom is specially
pleaded.

BROKERS—COMMISSIONS—DIVISION. The rule for the division of
a broker's commission where two brokers cooperate in effecting the
sale is not applicable where one broker took no part in accomplish-
ing the deal, but only listed the property with the other broker.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered November 9, 1914, upon findings
in favor of the plaintiff, in an action to recover a broker's
commission, tried to the court. Reversed.

*J. B. Keener*, for appellant.

*A. H. Garretson*, for respondent.

MAIN, J.—This action was brought for the purpose of re-
covering one-half of the commission earned upon a real es-
tate transaction. The cause was tried to the court without
a jury, and resulted in a judgment in favor of the plaintiff
for the sum of $113.75. From this judgment, the defendant
appeals.

The appellant construes the complaint as alleging an ex-
press contract for an equal division of the commission. The
respondent construes the complaint as an implied contract,
at least in so far as it pertains to the manner of the division
of the commission. In the complaint, there is no allegation
of a local usage or custom among real estate brokers in the

[1]Reported in 156 Pac. 389.

city of Tacoma as to how the commission shall be divided
when two brokers cooperate in the sale, and there is no express
agreement. Upon the trial, the respondent offered evidence
for the purpose of showing that there existed among real es-
tate men in that locality a custom or usage by which, in the
absence of a special agreement, the commission earned was to
be equally divided between the two brokers. This evidence
was admitted over objection. Construing the complaint as
alleging an express contract for an equal division of the com-
mission, the evidence of a local custom or usage was inadmis-
sible. The rule is that, where the terms of the contract as
alleged are not ambiguous or of doubtful meaning, evidence
of a local custom or usage is inadmissible for the purpose of
supporting the claim of either party as to what the terms of
the express contract were. *Vollrath v. Crowe*, 9 Wash. 374,
37 Pac. 474; *Williams v. Ninemire*, 23 Wash. 393, 63 Pac.
534; *Peyser v. Western Dry Goods Co.*, 53 Wash. 633, 102
Pac. 750.

In the *Williams* case, it was said:

"It is only where a contract is silent in some particular or
is ambiguous that proof of custom is admissible, and such
proof is then admissible only for the purpose of finding out
what the contract really was, and not to overthrow it. Proof
of custom is received in such cases upon the assumption that,
as to those matters not covered by express stipulations in the
agreement, the parties are presumed to have made their con-
tract with reference to the established custom and usage of
that place; and these the law will incorporate into the con-
tract, in order to explain or complete it. But it is always
within the power of the parties to exclude custom from their
dealings by their express agreement, as was done in this
case."

Construing the complaint as not alleging an express agree-
ment for an equal division of the commission, but as relying
upon an implied contract as to the manner of the division,
the evidence of a local custom or usage was inadmissible, be-
cause the existence of such local custom or usage was not

pleaded. The rule is that a local custom or usage, applicable to a special or particular business, must be pleaded before evidence is admissible to show the existence of such custom or usage. *Pittsburg Steel Co. v. Streety*, 61 Fla. 393, 401, 55 South. 67; *Lindley v. First Nat. Bank of Waterloo*, 76 Iowa 629, 41 N. W. 381, 14 Am. St. 254, 2 L. R. A. 709; *Hayden v. Grillo's Adm'r*, 42 Mo. App. 1; *First Nat. Bank of Hastings v. Farmers' & Merchants' Bank*, 56 Neb. 149, 76 N. W. 430; *Wilmington City R. Co. v. White*, 6 Penn. (Del.) 363, 66 Atl. 1009; *Smith v. Stewart*, 29 Okl. 26, 116 Pac. 182; 6 Standard Ency. Proc. p. 331.

In the cited volume of Standard Ency. Proc., at page 331, the rule is stated in this language:

"A local custom or usage, or a custom or usage applicable to a special or particular business, may not, as a general rule, be made the basis of recovery in an action, unless such custom or usage is pleaded by the party relying on it."

While there is doubtless some authority to the contrary, it would seem that this rule is founded in reason. If the local custom or usage which is to be relied upon is pleaded, the opposite party is advised of the contention, and may prepare to meet it. If it is not pleaded, the evidence thereof, when offered, may come as a complete surprise. The decision upon this question is decisive of the action. It becomes unnecessary to review the evidence.

It may be remarked, however, in passing, that in this case, even though the evidence had been admissible under the pleadings, it is doubtful whether it would sustain the existence of a local usage or custom which would entitle the respondent to recover. Running through much of the testimony offered of the custom or usage, there were two elements which are not applicable in this case: One was the assumption that the same rule of division would obtain for securing a listing of property that would obtain when two real estate brokers cooperate in effecting a sale. The other was that

the respondent and the appellant had worked together in accomplishing the sale in which the commission was earned over which this dispute arose. In this case the respondent caused the land of one of the parties to the exchange to be listed in the appellant's office. The evidence fails to show that he had any part in bringing about the sale, which occurred more than a year thereafter. It is quite apparent that the rule of division, as applied when two parties cooperate in effecting a sale, would not be applicable when one party took no part in accomplishing the deal, but only caused the property to be listed in the office of the other.

The judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

MORRIS, C. J., HOLCOMB, BAUSMAN, and PARKER, JJ., concur.