[No. 25599.   Department Two.   August 19, 1935.]

F. J. KATZER, *Respondent*, v. CRON & DEHN, *Appellant*.[1]

*John I. O'Phelan,* for appellant.
*Welsh & Welsh,* for respondent.

MITCHELL, J.—This action is on an express oral contract for the sale and delivery of oysters by F. J. Katzer to Cron & Dehn. The action was brought to recover $263.39, balance alleged to be due on five thousand bushels of oysters at ten cents a bushel. The defendant alleged that the oysters were purchased on an express oral contract to pay for them on the basis of the number of cans produced from the oysters in the cannery of the defendant at South Bend, Washington, and that full payment had been made for all delivered. Upon trial without a jury, findings, conclusions and judgment were entered for the plaintiff. Defendant has appealed.

[1]Reported in 48 P. (2d) 204.

■ Appellant employed one Bendickson to harvest the oysters from the beds belonging to the respondent and put them on scows for transportation to the cannery. Upon sending checks to Bendickson, from time to time, for his services, the appellant each time enclosed a statement of the number of cans of oysters claimed to have been canned from the Katzer oysters. Respondent objected to the introduction of these letters or statements as being irrelevant and immaterial, which objections were sustained. It is assigned that the ruling was erroneous. The assignment is without substantial merit, in our opinion. The letters or statements were from the appellant to its own employee about a matter of no consequence to the respondent, who was in no way advised or consulted with reference to the contents of such letters or statements.

■ Next, it is claimed error was committed in receiving in evidence, at the instance of the respondent, a letter written by appellant to other oyster growers concerning prices paid for oysters sold to appellant. No objection was made to receiving the letter in evidence, as we understand the record, and besides, we think it was unimportant and immaterial, and we attach no weight to it in deciding the case.

Upon the merits, the case is purely one of facts. Each party relied upon an alleged express oral contract, decidedly different from that claimed and relied upon by the other. There was direct conflict in the evidence in its controlling aspects. The theory of each was supported by evidence which, in the main, came from interested witnesses. The only disinterested witness whose testimony amounted to anything of consequence, was strongly corroborative in important particulars of the testimony on behalf of the plaintiff, respondent. As we view the evidence altogether, it

preponderates in favor of and sustains the findings and judgment.

In the trial, the appellant contended that it was the custom, in the vicinity or place of its cannery and where the transaction between the parties took place, to buy and pay for oysters according to the number and size of the cans used in the process of canning the oysters. The trial court refused to allow such proof, and thereafter a motion for a new trial on behalf of appellant was filed and supported by an affidavit to the effect that, if a new trial was granted, appellant could and would show by a number of witnesses the custom of selling oysters according to the case or number of cans derived from the cannery. The denial of the motion for new trial is assigned as error.

Here, each party in his pleading relied upon an express oral contract, differing each from the other, the terms of which were clear, definite and unambiguous. In such cases, it is the settled rule that proof of usage or custom is inadmissible.

In *Wilkins v. Kessinger*, 90 Wash. 447, 156 Pac. 389, it was held:

"The rule is that, where the terms of the contract as alleged are not ambiguous or of doubtful meaning, evidence of a local custom or usage is inadmissible for the purpose of supporting the claim of either party as to what the terms of the express contract were. *Vollrath v. Crowe*, 9 Wash. 374, 37 Pac. 474; *Williams v. Ninemire*, 23 Wash. 393, 63 Pac. 534; *Peyser v. Western Dry Goods Co.*, 53 Wash. 633, 102 Pac. 750."

Judgment affirmed.

BLAKE, MAIN, HOLCOMB, and STEINERT, JJ., concur.