LINDLEY v. THE FIRST NATIONAL BANK OF WATERLOO.

**Banks and Banking:** ACCEPTANCE OF DRAFT BY TELEGRAM: CONSTRUCTION : CUSTOM : PLEADING. One who promises in advance to accept or pay a bill of exchange is bound upon such promise only when the bill in its terms conforms to the terms of his offer. (See cases cited in opinion.) Accordingly, where the defendant telegraphed to plaintiff that it would pay B.'s draft for two thousand dollars, *held* that it was not thereby bound to pay B.'s draft for two thousand dollars, with exchange on New York, which was two dollars more. And *held*, further, that a recovery could not be had on such alleged acceptance on the ground that it was the custom of banks, in such cases, to pay the exchange in addition to the face of the draft, and that hence defendant's promise was impliedly a promise to pay with exchange ; because no such custom was pleaded.

*Appeal from Black Hawk District Court.*—HON. C. F. COUCH, Judge.

FILED, JANUARY 23, 1889.

ACTION on an alleged acceptance. The district court sustained a motion to strike out certain allegations in the petition. Defendant then filed a demurrer to the petition, which was also sustained. Plaintiff appeals.

*F. C. Platt,* for appellant.

*Boies, Husted & Boies,* for appellee.

REED, C. J.—On the seventeenth of November, 1887, George Barro sent a dispatch from Los Angeles, California, to defendant, directing it to transmit two thousand dollars by telegraph to plaintiff at Los Angeles, and charge the amount to his account, he having at the time a deposit of a larger amount with defendant. On the next day defendant's cashier telegraphed to plaintiff that the bank would pay Barro's draft on it for two thousand dollars. On the receipt of that dispatch at Los Angeles, Barro drew his draft and delivered it to plaintiff in payment of an indebtedness he was owing him. The following is a copy of the draft :

"$2,000.      LOS ANGELES, CAL., Nov. 18, 1887.

"At sight pay to order of Hervey Lindley, of Los Angeles, California, two thousand dollars, with exchange on New York, for value received, and charge to account of      "GEORGE BARRO.

"*To First National Bank, Waterloo, Iowa.*"

The draft was subsequently presented, but defendant refused to accept or pay it. On the same day on which he sent the dispatch, the cashier also wrote to plaintiff that the bank would pay Barro's draft for two thousand dollars, but the letter was not received by plaintiff until after he had taken the draft. On the twenty-eighth of November, which was after the draft had been presented and refused, he also wrote to plaintiff that the bank had been enjoined from paying, and that but for such injunction it would have paid it when presented. The foregoing facts are alleged in the petition, and further it is alleged that the exchange provided for in the draft would have amounted to two dollars. The petition is in three counts. The first and second counts are drawn on the theory that the telegram and letter of the eighteenth of November amounted to an acceptance. The third count states a cause of action on the breach of the contract to accept.

The ground of the demurrer is that the draft drawn is materially different from that which defendant agreed to pay, requiring the payment of a greater sum of money. Counsel for appellee concede that, if the draft

had called for the payment of but two thousand dollars, the telegram, which was received by plaintiff before he took the draft, would have amounted to an acceptance ; but their position is that, as the draft drawn required the payment of a greater sum, the promise of the bank to pay cannot be regarded as an acceptance of it, and its refusal to pay the amount demanded was not a breach of its contract. The contention of counsel for appellant was that the promise to pay was in effect a general acceptance, and defendant was therefore bound to pay according to the tenor of the draft, and that the request to pay exchange related merely to its tenor. That the acceptor is by a general acceptance bound to pay the bill according to its terms, is certainly true. Edw. Bills, ch. 9, sec. 1. But the term "tenor of the bill," as used in the books and cases, relates merely to the time and manner of payment. Under a general acceptance the acceptor is bound to pay at the maturity of the bill as fixed by its terms, and in the manner designated. He is also bound to pay the amount named in the bill, and if it demands the payment of exchange, he is liable for the amount thereof. In such case, the acceptance being general, the terms of the contract are to be gathered from the language of the bill. But when he offers, in advance of the drawing of a bill, to accept or pay it, his undertaking is to be determined from the language of his offer. If a bill is drawn corresponding in terms with his offer, and is received by another in reliance on the offer, he will be liable from the time as an acceptor. But the bill drawn must correspond in terms with his offer, or no such result will follow. His liability, if any, is created by his contract, and it is impossible that he should be bound by conditions or stipulations to which he never gave his consent. Judged by this rule, it is manifest that defendant is not liable. Its offer was to pay a specified sum on the draft of Barro. The offer implied, of course, that the payment was to be made at Waterloo, that being its place of business. But the draft required either that the money should be paid in New York, or that an additional

amount should be paid to cover the exchange. In effect, it was a draft for $2,002, while defendant's promise was to pay one for two thousand dollars. If the draft had been for twenty-five hundred dollars, or any larger sum, it would hardly be contended that defendant was bound to pay it ; yet the principle would not be different. Our attention has not been called to any case involving the same state of facts. But the principle that one who promises in advance to accept or pay a bill of exchange is bound upon such promise only when the bill in its terms conforms to the terms of his offer, is well settled, and is founded in sound reason. *Brinkman v. Hunter*, 73 Mo. 172 ; *Ulster County Bank v. McFarlan*, 5 Hill, 432 ; *Gates v. Parker*, 43 Me. 544 ; *Murdock v. Mills*, 11 Metc. 5. The letter of the twenty-eighth of November was not an acceptance or promise to pay the draft, but was explanatory merely of the refusal.

It was urged in argument that it is a custom of bankers, in paying drafts drawn under like circumstances, to pay exchange in addition to the face of the paper, and hence that defendant's promise was impliedly a promise to pay with exchange. It is sufficient to say, with reference to that claim, that the custom is not pleaded. The action is upon the promise as written, and its language is unambiguous. The words made use of import a promise to pay two thousand dollars. Without some averment that the words made use of have a meaning different from their ordinary signification, it cannot be assumed that the undertaking was broader than it expressed. We have no occasion to inquire whether the custom, if pleaded, could be shown for the purpose of modifying or explaining the undertaking. As we reach the conclusion that upon the facts alleged defendant is not liable, it is not necessary to consider the question as to the ruling of the district court in striking out portions of the petition. The error, if one was committed, in no manner affects the result.

AFFIRMED.