THE STATE BANK OF FOX LAKE, Appellant, v.
CITIZENS' NATIONAL BANK OF KING CITY,
Respondent.

Kansas City Court of Appeals, November 6, 1905.

1. **BILLS AND NOTES: Partial Acceptance: Original Bill.** A
partial acceptance is a qualified one, as for instance, changing
the amount, place and date of payment; and the acceptor must
know the original conditions of the bill.

2. ————: **Acceptance: Negotiability.** The acceptance of a bill
for eight hundred dollars is not an acceptance of one for eight
hundred dollars and exchange.

3. ————: ————: **Alteration.** Any alteration of a bill will avoid
it and an acceptor of an eight-hundred dollar bill is not bound
by one for that amount with the exchange, since that is not the
bill he accepted.

4. **PLEADING: Answer: Aider by Verdict: Trial.** Where there
are three counts on the same cause of action in one petition,
the failure to answer one is not fatal where the trial proceeds
on the theory of an answer in. It is too late after verdict to
raise the question.

Appeal from Gentry Circuit Court.—*Hon. Wm. C. Elli-
son,* Judge.

AFFIRMED.

*C. H. S. Goodman* and *Peery & Lyons* for appellant.

(1)  The draft sued upon, with the evidence show-
ing that the same had been presented for payment and
payment refused, should have been admitted. R. S.
1899, sec. 445; Brinkman v. Hunter, 73 Mo. 172; Wal-
lace v. McConnell, 13 Peters (U. S.) 136; Cox v. Bank,
100 U. S. (10 Otto) 704; Norton on Notes and Bills (3
Ed.), pp. 144-145; Clark v. Skeen, 49 L. R. A. 190; Bul-
lock v. Taylor, 39 Mich. 137; Hastings v. Thompson, 54
Minn. 184; 2 Daniel on Neg. Inst., sec. 1389; Fuller v.

Green, 64 Wis. 159; Tutt v. Thornton, 57 Tex. 35; Morgan v. Edwards, 53 Wis. 599; Legget v. Jones, 10 Wis. 34; 2 Dan. Neg. Inst., sec. 1450; 11 Am. and Eng. Ency. of Law, pp. 563-4, and notes. (2) There was a partial acceptance and defendant was liable for $800, the amount sued for. Brinkman v. Hunter, 73 Mo. 172; Wegersloffe v. Keene, 1 Strange 204; Byles on Bills (6 Am. Ed.), side page 194. (3) Plaintiff was entitled to judgment on third count of petition in default of answer. R. S. 1899, sec. 628; Hotel Co. v. Saner, 65 Mo. 279; Barholow v. Campbell, 56 Mo. 117; Marshall v. Ins. Co., 43 Mo. 586; Moore v. Sanborin, 42 Mo. 490; State ex rel. v. Henderson, 86 Mo. App. 482. (4) The telegram sent by plaintiff bank and the reply thereto sent by defendant were sufficient evidence of a contract between the parties whereby defendant bank agreed to accept Vanderveer's draft for $800. Taylor v. Steamboat, 20 Mo. 254; Hammon v. Beeson, 112 Mo. 190; Twine Co. v. Wright, 40 L. R. A. 438; Brewer v. Horst-Lachmand Co., 127 Cal. 643, 50 L. R. A. 240. (5) An unconditional promise, in writing, to accept a bill before it is drawn, shall be deemed an actual acceptance in favor of a person to whom such written promise shall have been shown, and who, upon the faith thereof, shall have received the bill for a valuable consideration. R. S. 1899, sec. 445; Brinkman v. Hunter, 73 Mo. 173.

*J. W. Sullinger* and *Brown & Dolman* for respondent.

(1) Although the code (sec. 608) provides that if the answer contain a statement of new matter and the plaintiff shall fail to demur or reply thereto the defendant shall have such judgment as he is entitled to upon such statement, yet it has been uniformly held that where the cause has been tried as if a reply had been filed, it is too late to take advantage of the absence of a reply at the close of the trial. Ferguson v. Wheeler, 147

Mo. 664; State ex rel. v. Phillips, 137 Mo. 359; Turner v. Butler, 126 Mo. 131; Thompson v. Wooldridge, 102 Mo. 505; Smith v. St. Joseph, 45 Mo. 449; Henslee v. Cannefax, 49 Mo. 295; Howell v. Reynolds County, 51 Mo. 154; Meader v. Malcolm, 78 Mo. 550; Heath v. Goslin, 80 Mo. 310; Ins. Co. v. Harlan, 72 Mo. 202. And this rule, as its reasons indicate, applies equally to answers. Epperson v. Postal Company, 155 Mo. 346-370; Dolan v. Railroad, 88 Mo. App. 666-675; Davis v. Watson, 89 Mo. App. 15-32. (2) The telegrams in evidence, even had they passed between the real parties to the transaction, and were there no variance between their terms and the draft, do not bind the defendant either as acceptor or promissor to accept. The sections of the statute to which we must look to create such liability are as follows: R. S. 1899, p. 219, secs. 443, 444, 445, 447. (3) "The manifest intention of the Legislature was to create an exception in favor of those who, having transferred a bill for value, on the faith of the promise of the drawee to accept it, have, in consequence of his refusal to accept, been rendered liable and been subjected to damages as drawers or indorsers." There can be no suit upon the bill in such cases. Blackiston v. Dudley, 5 Duer. 373-377; Hall v. Cordell, 146 U. S. 116, 119; Flato v. Mulhall, 72 Mo. 522-526; 1 Daniel Negotiable Insts., secs. 507-507a; Martin v. Bacon, 2 Mill (S. Car.) 132; 1 Edwards' Bills, Notes and Neg. Instruments, sec. 570; 4 Am. and Eng. Ency. of Law (2 Ed.), 298; Bank v. Valentine, 18 Hun 417; Bank v. Newell, 71 Wis. 309; Dresser v. R. R. Construction Co., 93 U. S. 92; Bank v. Huver, 114 Pa. St. 216; Dougherty v. Bank, 93 Pa. St. 227; Beal v. City of Somerville, 50 Fed. Rep. 647. (4) The draft involved in this suit, which is drawn for $800 with exchange, is not covered by the telegram relied on as an acceptance, which only proposes to honor a draft of $800. This difference is so important that the use of these words change the character of the instrument in which they are used, from negotiability to non-negotiability.

Chandler v. Calvert, 87 Mo. App. 368; Fitzharris v. Leggett, 10 Mo. App. 527; Low v. Bliss, 24 Ill. 168. (5) When no place of payment is named in the authority to draw on promise, if the bill is made payable elsewhere than at the place of residence of the drawee, no liability as an acceptor accrues by reason of such promise. Bank v. Leavenworth, 28 Vt. 209; Lanusse v. Barker, 3 Wheat. 101; Parsons on Notes and Bills, p. 293; Brinkman v. Hunter, 73 Mo. 172; McCoy v. Lockwood, 71 Ind. 319; Lindley v. Bank, 76 Ia. 625; Chandler v. Calvert, 87 Mo. App. 368. (6) The plaintiff falls back upon the theory that the telegraphic correspondence constituted a partial acceptance of the bill; that is, an acceptance for $800. As shown in the argument of Judge Hough, who wrote the opinion of the court in Brinkman v. Hunter, supra, this implies that had the draft actually drawn been $8,000, the defendant would have been bound on it to the extent of $800.

ELLISON, J.—The plaintiff's petition seeks to charge defendant as having accepted a draft for $800, which plaintiff bought of the drawee. The trial court heard the evidence offered in plaintiff's behalf and then sustained a demurrer to the evidence which counsel for defendant offered.

The petition is in three counts, all based on the same transaction, and, as what we shall say disposes of all three, we will not mention them separately. It appears that one Warren lived in or near Fox Lake in Wisconsin and one Vandeveer lived in King City, Missouri; that Vandeveer was in Wisconsin and purchased a horse of Warren for $800. They went to the plaintiff's banking house May 30, 1903, where Vandeveer drew his draft on defendant in favor of Warren for $800 with exchange. Warren indorsed it to plaintiff, who on the same day mailed it to defendant and then on the same day telegraphed to defendant this inquiry, "Will you honor draft J. L. Vandeveer eight hundred dollars?"

Next day, May 31st, defendant answered in these words, "We will honor draft J. L. Vandeveer eight hundred dollars." This answer was received by plaintiff next day, June 1st, and, having afterwards on same day, ascertained that the horse was shipped on cars for Vandeveer, plaintiff placed the sum of $800 to the credit of Warren on its books.

The question which the case presents is: does the agreement of defendant with plaintiff to accept a draft for $800 bind it to plaintiff as indorsee of a draft for that sum *with exchange,* the parties residing at different places?

We will treat the two principal points made by plaintiff in the inverse order of their presentment. It is contended that the acceptance was what is known to commercial law as a partial acceptance and that defendant may be held to the amount of its acceptance and discharged as to anything over that sum. It is the law that, as to a bill already drawn, an acceptor may accept for a certain sum less than that named in the bill. [Brinkman v. Hunter, 73 Mo. 172.] But, plainly, in order to hold one to have contracted to make a partial acceptance of a bill, he must necessarily have known just what the bill was. Thus, if one is asked to accept a bill for $200, he may answer, "No, but I will accept it for $100." A partial acceptance is a qualified acceptance, and such acceptances consist in a change of amount, of place, or date of payment. For one to change anything in the sense of offering to contract for its change presupposes that he knows of its original condition. In the case in hand, it is not pretended that defendant knew of a bill differing in any particular from the one it was asked to accept. The mind of defendant's officers never operated on any other bill than the one mentioned in the telegram. Manifestly, the case is not one of partial acceptance.

But plaintiff insists that the acceptance of a bill for $800 is an acceptance of a bill of $800 and exchange.

In other words, that the words, "with exchange," which are a part of the bill afterwards demanded of defendant, make no material change from a bill without those words. Authority is not wanting in some jurisdictions to support that view. But we think they are not founded on the soundest reason and that they are contrary to cases closely analogous in this State. In some of the states, it is held, as applicable to commercial paper, that that which can be made certain is certain. As, for instance, if by the terms of a note the whole sum to be due is not named, but they are such that the amount thereof can be ascertained (not with that certainty which follows the calculation of a specified and definite rate of interest), the note and its negotiable character is not affected, even though the terms are such as to cause to become due different amounts in different communities. Thus, it is held in some jurisdictions (which plaintiff has cited) that provision for an "attorney's fee" or "exchange" will not affect the character of the contract or its negotiability; but we have not held to that view in this State. [Bank v. Gay, 63 Mo. 33; Chandler v. Calvert, 87 Mo. App. 368; Fitzharris v. Leggatt, 10 Mo. App. 527.]

In this State we hold to the strict rule that an alteration of a promissory note by the holder will avoid it as to the maker, however honestly made. We need not enter into an examination of the many decisions of this character. Those of Kelly v. Thuey, 143 Mo. 422, Bank v. Fricke, 75 Mo. 178, and Haskell v. Champion, 30 Mo. 136, will suffice. Now, suppose that the acceptance here in question had been made on the draft itself and that the words "with exchange" had not then been in the bill, but that afterwards they had been inserted by the plaintiff, would anyone for a moment think that defendant could be held? It will not do to say that such rule is founded upon and applies only in cases of fraud on the part of the holder; for it finds as ready application where the

alteration has been made from honest as dishonest motives. [Evans v. Foreman, 60 Mo. 449; Bank v. Armstrong, 62 Mo. 59.] There is not much difference in principle between the case supposed and the case before us. Defendant was asked of plaintiff to agree to pay a draft for $800, and it did so agree; then plaintiff presented a different contract and asked that it be paid under the agreement. To allow success in this instance would, by the same line of reasoning, take away all restriction and leave an acceptor without protection.

A case practically identical with this arose in Iowa. A bank in that State telegraphed to the plaintiff in that case (who resided in California) that it "would pay Barro's draft on it for two thousand dollars." On receipt of the telegram, Barro drew a draft for $2,000, "with exchange on New York." The Supreme Court of Iowa held the bank not liable. [Lindley v. Bank, 76 Iowa 629.] It is true that the draft in that case was not drawn until after the receipt of the bank's telegram, while in this case the draft was drawn before the receipt of a like telegram. There is no distinction in principle from these facts. One agreed to pay a draft to be drawn for a certain sum. The other agreed to pay a draft already drawn, but stated to be for a certain sum. In each the draft was for more than the sum agreed to be paid. When one agrees to pay a draft yet to be drawn, he is not liable unless the draft be for that exact sum. [Brinkman v. Hunter, supra.] And there can be no difference in his liability, though the draft is already drawn, if he has no knowledge of the sum for which it is drawn except through the false representation made by the party, with whom he makes his contract of acceptance.

The point is made that there was no answer to one of the counts in plaintiff's petition. We do not regard it as material since the case was tried on the theory that an answer was in. It is too late now to raise such ob-

jection. The cases to be found cited in defendant's brief all support this view.

The judgment will be affirmed. All concur.