## FIRST NAT. BANK OF TULSA v. MUSKOGEE PIPE LINE CO.

### No. 3069. Opinion Filed April 7, 1914.

### (139 Pac. 1136.)

1. **BILLS AND NOTES—Acceptance of Draft—What Constitutes.**
Where defendant wired as follows, ''Tri-State Oil Co., Tulsa, Oklahoma. Rechecking accounts. Owe you balance seventeen thirty-six forty-two. You are authorized to draw on us. Muskogee Pipe Line Co.;'' and where such telegram was exhibited to the First National Bank and attached to draft for said sum before it was honored and paid by said bank; and where such telegram had noted thereon when it was received by the company for transmission the following words, ''Chg. a-c Musk. Pipe Line Co.,'' and subsequently the Muskogee Pipe Line Company paid for the transmission of the same—held, that the same constituted an acceptance of the draft by the Muskogee Pipe Line Company.

2. **BILLS AND NOTES—Acceptance of Draft—Refusal of Payment —Grounds—Place Payable.** Where one has agreed to accept a draft for a certain sum, he cannot refuse payment of same because the draft, when presented, concludes with the words ''with exchange,'' no place of exchange being named and the draft being payable at the residence of the drawee, when the evidence fails to show that exchange was sought to be charged or collected.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by the First National Bank of Tulsa against the Muskogee Pipe Line Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Franklin & Carey,* for plaintiff in error.

*Ramsey & Thomas,* for defendant in error.

LOOFBOURROW, J. In April, 1910, the Tri-State Oil Company drew a customer's draft as follows:

"Customer's Draft. No. ————. First National Bank, Tulsa. Tulsa, Okla., April 19, 1910. Pay to the order of First National Bank $1,736.42, seventeen hundred thirty-six and $^{42}/_{100}$ dollars, with exchange, value received and charge to account of

"Tri-State Oil Co.,
"By J. S. Staiti, Secretary and Treasurer.

"To Muskogee Pipe Line Co., Muskogee, Okla."

Attached thereto was the following telegram:

"Muskogee, Okla., April 19, 1910. Tri-State Oil Co., Tulsa, Oklahoma. Rechecking accounts. Owe you balance seventeen thirty-six forty-two. You are authorized to draw on us.

"MUSKOGEE PIPE LINE Co."

Which draft was paid by the First National Bank of Tulsa and thereafter presented to the Muskogee Pipe Line Company, the defendant, and payment refused.

Thereupon the plaintiff, First National Bank, commenced this action against the Muskogee Pipe Line Company to recover the said sum, together with protest fees and interest. The petition sets forth the facts, and the answer is, in effect, a general denial. A jury was impaneled, the plaintiff presented its case and rested; thereupon the defendant requested the court to direct a verdict in its favor, which was accordingly done, and judgment rendered, from which the plaintiff appeals.

The first proposition that arises is whether or not the defendant accepted the bill. Section 4182, Rev. Laws 1910, defines acceptance, and provides that it must be in writing and signed by the drawee. Section 4183 provides that the holder may require acceptance to be indorsed on the bill. Section 4184 provides:

"Where an acceptance is written on a paper other than the bill itself, it does not bind the acceptor except in favor of a person to whom it is shown and who, on the faith thereof, receives the bill for value."

It is clear from the testimony that this telegram was exhibited to the First National Bank and attached to the draft before it was honored and paid by the First National Bank. The manager of the Postal Telegraph Company of Muskogee was called as a witness, and produced the original telegram, signed by the Muskogee Pipe Line Company, and stated that the Muskogee Pipe Line Company called a messenger boy, who brought the telegram to their office, and it was transmitted by such company, and that there was noted thereon, "Chg. a|c Musk. Pipe Line Co.;" that such note was on the telegram when it was received by the telegraph company; and that the Muskogee Pipe

Line Company later paid for the transmission of the telegram. This, we think, shows a sufficient acceptance.

But it is contended that because the bill of exchange contains the two words "with exchange," it does not come within the terms of defendant's contract; that the sum of $1,736.42 was all they agreed to pay; and that they did not agree to pay exchange. On the other hand, the plaintiff contends that the words "with exchange" are mere surplusage.

"Where no place of payment is designated in a bill of exchange, it is payable at the place stated in the drawee's address or at his residence." (7 Cyc. 605.)

In *Cox v. National Bank, etc.,* 100 U. S. 704, 25 L. Ed. 739, it is said:

"Where a bill of exchange is addressed to 'Messrs. C. & C., N. Y.,' as drawees, and is by them accepted without explanation or condition, the legal construction of the instrument is that it became payable when it fell due, at the place designated by the address as the place of acceptance."

See, also, *Freese v. Brownell,* 35 N. J. Law, 285, 10 Am. Rep. 239; also *North Atchison Bank v. Garretson et al.,* 51 Fed. 168, 2 C. C. A. 145, which says:

"A bank which has agreed to accept a check for a certain sum cannot refuse payment because the check, when presented, concludes with the words 'with exchange,' no place of exchange being named and the check being dated and payable in the same town; for such words are mere surplusage, and of no effect."

It is clear that this draft was payable at the residence of the drawee, and the evidence does not show that any exchange was sought to be charged or collected, and that the term should be treated as surplusage.

Defendant in error cites *Lindley v. First Nat. Bank of Waterloo,* 76 Iowa, 629, 41 N. W. 381, 2 L. R. A. 709, 14 Am. St. Rep. 254, but in that case the draft was drawn in California against a drawee in Iowa, "with exchange on New York." Also there is cited *State Bank, etc., v. Citizens' Nat. Bank, etc.,* 114 Mo. App. 663, 90 S. W. 123. In the latter case one Warren lived near Fox Lake, in Wisconsin, and one Vandeveer lived in King City, Mo., and Vandeveer was in Wisconsin and purchased a

horse of Warren for $800. They went to the plaintiff's banking house, where Vandeveer drew a draft on defendant in favor of Warren for $800, with exchange. Warren indorsed it to plaintiff, who on the same day mailed it to defendant, and then on the same day telegraphed to the defendant this inquiry: "Will you honor draft J. L. Vandeveer eight hundred?" The next day defendant answered, "We will honor draft J. L. Vandeveer eight hundred." This answer was received by plaintiff next day, and, having afterwards, on the same day, ascertained that the horse was shipped on cars to Vandeveer, plaintiff placed the sum of $800 to the credit of Warren on its books. Held, an acceptance by a bank of a draft for a specified sum is not an acceptance of a draft for that sum with exchange. But in that case exchange was sought to be collected, so that it is not the case at bar.

The defendant next contends that this draft was accommodation paper, and that the defendant, being a corporation, is not bound by its contract or agreement to lend its credit to the Tri-State Oil Company, and that its act was *ultra vires,* and it is not bound thereby. When the plaintiff rested its case, the court, on motion of defendant, directed a verdict. Thompson on Trials (2d Ed.), section 2267, states:

"The demurrer to evidence, used in the ancient common-law practice, seems to have passed for the most part out of use in American jurisprudence. In the place of it the defendant moves for a nonsuit or requests the court to give a peremptory instruction to the jury to return a verdict for the defendant. In either case the effect is substantially the same as a demurrer to the evidence under the ancient practice."

In *Sullivan v. Phenix Ins. Co.,* 34 Kan. 170, 8 Pac. 112, it is held:

"A motion to direct a verdict in favor of the defendant is substantially equivalent to a demurrer to the plaintiff's evidence."

In *Sov. Camp W. O. W. v. Welch,* 16 Okla. 188, 83 Pac. 547, it is held:

"A motion for peremptory instruction to find a verdict as directed by the court can only be granted where there is no material fact in dispute, and no theory of the case under the

evidence upon which the opposite party would be entitled to recover."

In *Shawnee Light & Power Co. v. Sears,* 21 Okla. 13, 95 Pac. 449, it is held:

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence. On a demurrer to the evidence, the court canot weigh conflicting evidence, but will treat the evidence as withdrawn which is most favorable to the demurrant."

See, also, *Ziska v. Ziska,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1, and *Conklin v. Yates et al.,* 16 Okla. 266, 83 Pac. 910.

Some of the plaintiff's witnesses, on cross-examination, gave testimony tending to show that this was accommodation paper, or what the parties termed a "kiting" proposition, but, applying the law as indicated by the above-cited Oklahoma cases, the telegram attached to the draft shows that the defendant was indebted to the Tri-State Oil Company, and held a balance to its credit of $1,736.42, and. if that is true, the plaintiff ought to recover. In any event that evidence amply supports the theory that it was a *bona fide* transaction, and not a kiting proposition, and it was error for the trial court to direct a verdict.

The judgment of the trial court is reversed, and the cause remanded for new trial.

All the Justices concur.