Iowa State Savings Bank, Appellee, v. City National Bank, Appellant.

BILLS AND NOTES: Acceptance—Separate Writing. Written acceptance of a check by the drawee thereof may be by a writing *separate* from the check. So held in the case of a telegram.

BILLS AND NOTES: When "With Exchange" Is Surplusage. The term *"with exchange"* is pure surplusage when added to a check which is drawn upon a bank by the bank's own depositor, and which is payable at said bank.

BILLS AND NOTES: Primary Liability. A bank which unconditionally promises to pay its depositor's check in a named amount becomes primarily liable on the check to one who acts on the promise.

*Appeal from Cedar District Court.*—F. O. Ellison, Judge.

June 27, 1918.

Action at law. The issues and relevant facts are stated in the opinion.—*Affirmed.*

J. C. France, for appellant.

Leggett & McKemey, for appellee.

WEAVER, J.—On June 14, 1914, one Lon Fraseur drew and delivered to one H. I. Ball a check on the defendant bank, as follows:

"Tipton, Iowa, June 4, 1914.

"CITY NATIONAL BANK

"Pay to the order of H. I. Ball $1,035.00
Ten hundred thirty-five and no/100 dollars with ex.

"Lon Fraseur."

Thereafter, on the same day, Ball endorsed and delivered the check to the plaintiff; but, before paying any money thereon, and before giving Ball credit for the same, plaintiff telegraphed an inquiry to the defendant, as follows:

"Fairfield, Iowa, June 4, 1914.
"City National Bank, Tipton, Iowa.

"Will you pay check for ten hundred thirty-five dollars signed Lon Fraseur for cattle?

"Iowa State Savings Bank."

The message was promptly delivered, and answered at once, in these words:

"Tipton, Iowa, June 4, 1914.
"Iowa State Savings Bank, Fairfield, Iowa.

"We will pay check for ten hundred thirty-five dollars signed Lon Fraseur.

"City National Bank."

Plaintiff received the telegram, and, relying thereon, paid Ball the full amount thereof, $1,035. Thereupon, plaintiff promptly forwarded the instrument to its correspondent, the Cedar County State Bank, at Tipton, for collection. On the following day, the last-named bank, having received the check, presented it to the defendant for payment, but was refused, on the ground that "payment had been ordered stopped." The check is still unpaid, and is the property of the plaintiff. A second presentation and demand were made on June 8, 1914, and met again with refusal. Thereafter, this action was begun.

1. BILLS AND
NOTES: ac-
ceptance: sep-
arate writing.

The petition sets out the facts substantially as above related, and demands a recovery of the amount of the check, with interest and protest fees.  Defendant demurred to the petition, on the ground that it fails to state a cause of action, in that the check does not operate as an assignment of any part of the funds to the credit of Lon Fraseur in the defendant bank; that the petition shows on its face that defendant never accepted the check, and without acceptance, defendant cannot be held liable thereon; and that the check does not, in terms, conform to the offer or acceptance.  The demurrer was overruled; but the plaintiff thereafter amended its petition, by alleging that, neither at the time payment of the check was demanded, nor at any time prior to the commencement of this action, did plaintiff demand payment of any exchange on the check; and it avers that the words "with ex." were not intended to require the bank or any party to the check to pay exchange in any amount.  A motion to strike this amendment being denied, defendant answered, denying indebtedness and denying acceptance of the check, but admitting the telegraphic correspondence, as pleaded.

The cause was tried, submitted, and decided upon an agreed statement which sets forth the facts as we have hereinbefore recited them.  Judgment was rendered for the plaintiff, as prayed; and defendant appeals.

I.  The first assignment of error argued by counsel for appellant is based upon the proposition that the record shows no acceptance of the check, and that, without acceptance, appellant cannot be held liable in this action.

If there could be no valid acceptance, except by writing and signing the formal words upon the face of the instrument, the exception would have to be sustained; but this is not the law.  Our Negotiable Instruments Statute provides that a bill of exchange does not, "of itself," operate as an assignment of the funds in the hands of the

drawee available for the payment thereof; and that, until there is an acceptance, the drawee is not liable on the bill (Section 3060-a127, Code Supplement, 1913); and further provides that the acceptance must be in writing signed by the drawee (Section 3060-a132, Code Supplement, 1913); but it nowhere makes it necessary that such acceptance shall, in all cases, be written upon the bill itself. On the contrary, it recognizes the validity of an acceptance written on paper other than the bill, and an action can be maintained thereon against the drawee, in favor of one to whom it is shown, and who, on faith thereof, receives the bill for value (Section 3060-a134). It also makes the unconditional written promise to accept a bill before it is drawn the equivalent of an actual acceptance in favor of every person who, on faith thereof, receives the bill for value (Section 3060-a 135 Code Supplement, 1913). Precedents to this effect are very numerous; but the clear and explicit terms of the statute make their citation unnecessary. The record before us shows the express promise of the appellant to pay the check of Lon Fraseur for $1,035, and that the appellee, on faith of such promise, did receive the check for value.

The only question presented by the appeal which is open to argument is the one which is considered in the following paragraph.

II. The defense most confidently relied upon is that, while appellant did promise to pay Fraseur's check for $1,035, the check actually drawn and presented for payment does not conform to the terms of the promise, in that the language of the instrument so presented concludes with the words, "with ex." The theory of counsel in this respect seems to be that the promise to pay was made with reference to a check for $1,035 only, and that the acceptance of the check as drawn would impose upon the drawee an additional liability for exchange; and

2. BILLS AND NOTES: when "with exchange" is surplusage.

that, because of this unauthorized requirement, appellant was under no legal liability to accept or pay.

That a drawee can be held liable only in accordance with the terms of his acceptance or promise to accept, is undeniably true; and the inquiry here is, therefore, whether the addition to the check of the words, "with ex.," is such that the appellant's acceptance thereof would impose upon it any liability in excess of its promise to pay the sum of $1,035. In support of its contention, appellant relies largely upon the decision of this court in *Lindley v. First Nat. Bank,* 76 Iowa 629. In that case, one Barro telegraphed to defendant bank, directing it to transmit $2,000 by telegraph to plaintiff at Los Angeles, California, and to charge same to his account. To this, the bank answered that it would pay Barro's draft upon it for $2,000. Thereupon, Barro drew his draft on the bank for $2,000, with exchange on New York, and delivered it to Lindley in payment of a debt. On presentation, the bank refused to pay, and Lindley brought suit. It was held that plaintiff could not recover, because the draft, as presented, requested that the sum named therein should be paid in New York, or in New York exchange, which provision was not in conformity to its promise. Without in any way questioning the soundness of this precedent, as applicable to cases involving a similar state of facts, we regard it as clear that it does not control the question now before us. There is nothing in this check requiring the appellant to pay it elsewhere than over its own counter, to the lawful holder presenting it for payment, or to pay it otherwise than in lawful money of the realm. Had the payee himself presented the check and demanded, not only the sum of $1,035, therein named, but also an additional sum, as exchange on some other named city or town not mentioned in the instrument, no one would for a minute argue that the bank was under any legal obligation to pay such exchange. "Exchange" is generally incident to bills

issued or drawn for the transmission of money from one place to another, and is supposed to represent the cost of drawing the bill and transmitting the money to the designated place to meet it. *Flagg v. School Dist.*, 4 N. D. 30; *Nicely v. Commercial Bank,* 15 Ind. App. 563 (44 N. E. 572). It is very apparent, then, that the obligation of a bank to pay its own depositor's check in the usual course of business, is to pay the same over its own counter—a duty which negatives the idea of any charge or expense for exchange; and if the words "with ex." appear in the check, they are surplusage, and have no effect whatever to increase the liability of the paying bank on account of its previous promise to certify or accept check for the sum of money specifically named in such promise. The words "with ex." without naming a place on which the exchange is to be paid, being surplusage, constitute no departure from the terms of the promise; and their insertion in the check will not relieve the drawee from liability on his promise to pay. The correctness of this view is expressly stated by this court in *Culbertson v. Nelson,* 93 Iowa 187, 194, where, in speaking of a note or bill dated in New York and payable in New York, "with current exchange on New York," we said, "The quoted words were superfluous and surplusage." In the same case, we quoted approvingly *Hill v. Todd,* 29 Ill. 101, and *Clauser v. Stone,* 29 Ill. 114, in both of which it was held that the inclusion of the words "with exchange" in a promissory note, without designation of the place on which the exchange is to be drawn, was without legal meaning, and was to be ignored as surplusage. The same rule is found illustrated in *First Nat. Bank v. Muskogee P. L. Co.,* 40 Okla. 603 (139 Pac. 1136) ; *North Atchison Bank v. Garretson,* 2 C. C. A. 145 (51 Fed. 168). The promise of the appellant was to pay the check of its depositor for a stated amount, and the check, drawn and negotiated on the faith of such promise and for the amount so mentioned,

was neither more nor less. There was nothing in the promise to suggest that payment was to be made elsewhere than at the drawee's own place of business, and there is nothing in the check drawn upon it to suggest or require its payment elsewhere. Indeed, the refusal to pay the check was grounded solely on the alleged fact that "payment had been stopped," presumably by the drawer; and it is only when suit is brought that this defense is raised. We are satisfied that the check was, in every legal essential, in conformity with appellant's promise.

III. We think it not very material whether the conceded facts constitute, in every technical sense, an acceptance of the check or promise to accept, or whether we treat the act and promise of the appellant as amounting to a certification of the check. The question put to appellant by appellee was, "Will you pay?" etc. The answer was, in unequivocal terms, "We will pay," etc. When this promise was acted upon, the liability of the promisor was not that of a surety or grantor. The appellant became at once the principal debtor of the plaintiff; and, while it had the right to insist that the check drawn upon it should be such as it promised to pay, the courts should not indulge in over-refinement of reasoning to discover plausible ground upon which to relieve it from the performance of its fairly assumed obligations.

3. BILLS AND NOTES : primary liability.

There is no reversible error in the record, and the judgment below is—*Affirmed*.

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.