### TEXAS STATE BANK OF FORT WORTH v. PRESS PUB. CO. (No. 10111.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 17, 1923.)

**1. Evidence ⬅︎186(6)—Copy of telegram held admissible as secondary evidence.**

In action against bank on checks accepted by it by telegram in response to plaintiff's telegram of inquiry, both telegrams were originals, and, defendant having failed to produce upon the trial the original of the telegram received by it, as it was notified to do by plaintiff's pleading, a copy of such telegram was admissible as secondary evidence.

**2. Evidence ⬅︎177—Copy of telegram beyond court's jurisdiction held admissible.**

In action against bank on checks accepted by it by telegram in response to plaintiff's telegram of inquiry, *held*, that a copy of the original telegram received by plaintiff in Pennsylvania was admissible, as the original was beyond the jurisdiction of the trial court.

**3. Banks and banking ⬅︎140(3)—Telegram held promise to accept check; "acceptance."**

Where bank replied to telegram, asking whether a depositor's checks amounting to $262 were good, by telegram stating "We will pay" such depositor's "check $262," the latter telegram amounted to an "acceptance" or promise to accept, under Vernon's Ann. Civ. St. Supp. 1922, art. 6001, subds. 132–135; and the fact that the checks presented were 41 cents in excess of the $262 which defendant promised to pay was immaterial as respects defendant's liability for failure to pay the checks, where such 41 cents was later entered by plaintiff as a credit on the check, and defendant did not refuse payment on that ground.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Acceptance.]

Appeal from Tarrant County Court; P. W. Seward, Judge.

Action by the Press Publishing Company against the Texas State Bank of Fort Worth. Judgment for plaintiff, and defendant appeals. Affirmed.

Samuels & Brown, of Fort Worth, for appellant.

Wray & Mayer, of Fort Worth, for appellee.

DUNKLIN, J. The Texas State Bank of Fort Worth has appealed from a judgment in favor the Press Publishing Company for the amount of two checks aggregating $262.41, less a credit of 41 cents entered thereon by plaintiff's attorney before the trial. The checks were as follows:

Fort Worth Advertising Agency,      No. 963.
R. H. Bowles, President, Westbrook Building.
Hold bal.     Fort Worth, Texas, Sept. 29, 1919.
Pay to the order of Pittsburgh Press   $174.94
One hundred seventy-four dollars ninety-four cents.                        .41
                                    ─────────
                                      $174.53
        Fort Worth Advertising Agency,
              Raymond H. Bowles.
To Texas State Bank, Fort Worth, Texas.
Guaranty Fund Bank.

Fort Worth Advertising Agency,      No. 962.
R. H. Bowles, President, Westbrook Building.
      Fort Worth, Texas, Sept. 29, 1919.
Pay to the order of Pittsburgh Press $87.47, eighty-seven dollars forty-seven cents.   Dollars.
        Fort Worth Advertising Agency,
              Raymond H. Bowles.
To Texas State Bank, Fort Worth, Texas.

The plaintiff was doing business in Pittsburgh, Pa., and the checks were offered to it in payment of certain advertising which the Fort Worth Advertising Agency desired, but before accepting the same, and before performing the services solicited, plaintiff sent the following telegram to defendant in Fort Worth:

                  "Pittsburgh, Pa., Oct. 2, 1919.
"Texas State Bank, Fort Worth, Texas.
"Are Fort Worth Advertising Company Agency checks to sixty-two dollars good? Wire collect.         The Pittsburgh Press."

And in reply thereto received the following telegram:

                  "Fort Worth, Texas, Oct. 2, 1919.
"The Pittsburgh Press, Pittsburgh, Pa.
"We will pay Fort Worth Advertising Agency check to sixty-two dollars.
                        "Texas State Bank."

──────────────
⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] After receipt of the latter telegram, plaintiff did the advertising requested by the drawer of the checks and took those checks in payment thereof. On October 29, 1922, the checks were presented to defendant for payment and payment was refused. Under the rules of evidence governing in such cases as this, the telegram received by the defendant bank in Fort Worth from the plaintiff and that received by the plaintiff in Pittsburgh, Pa., from the defendant, were originals. Jones on Evidence, § 210, p. 1020. And the defendant having been notified in plaintiff's pleading to produce upon the trial the original of the one received by it, and having failed so to do, and the plaintiff's cause of action being predicated upon that telegram, read in the light of the one to which it was a reply, the copy of the telegram received by defendant which was attached to the deposition of witness Millholland was admissible as secondary evidence. Reliance Lumber Co. v. W. U. Tel. Co., 58 Tex. 394, 44 Am. Rep. 620; Jones on Evidence, supra; Smith v. Traders' National Bank, 82 Tex. 386, 17 S. W. 779; Burton v. Driggs, 20 Wall. 134, 22 L. Ed. 299.

[2] A copy of the original telegram received by the plaintiff in Pittsburgh, Pa., was admissible, since the original was beyond the jurisdiction of the trial court. W. U. Tel. Co. v. Smith (Tex. Civ. App.) 26 S. W. 216.

The bill of exception to the introduction of the checks purporting to have been signed "Fort Worth Advertising Agency, Raymond H. Bowles," shows that the objection urged was to the absence of proof that those checks were executed by any one having lawful authority from the Fort Worth Advertising Agency to execute the same. While that was the objection urged, the bill of exception does not state as a fact that no such proof had been made, and in the absence of such showing, we cannot say that it appears from the bill of exception itself that the checks were improperly admitted in evidence, nor are we required to examine the entire statement of facts to determine whether or not there was such absence of proof.

[3] Appellant insists that its telegram sent in reply to that received from plaintiff did not amount to an acceptance or promise to accept under the law governing in such cases, and hence would not sustain a recovery. We are inclined to overrule that contention in view of the following provisions of our Negotiable Instruments Statutes which was in effect at the time of the transaction.

Subdivisions 132 to 135 of article 6001, V. S. Tex. Civ. Statutes Supplement of 1922, read as follows:

132. "The aceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money."

133. "The holder of a bill presenting the same for acceptance may require that the acceptance be written on the bill and, if such request is refused, may treat the bill as dishonored."

134. "Where an acceptance is written on a paper other than the bill itself, it does not bind the acceptor except in favor of a person to whom it is shown and who, on the faith thereof, receives the bill for value."

135. "An unconditional promise in writing to accept a bill before it is drawn is deemed an actual acceptance in favor of every person who upon the faith thereof, receives the bill for value."

But aside from those statutory provisions, the two telegrams read together showed a contract on the part of the defendant to pay checks aggregating the principal sum of $262, and the proof is undisputed that upon the faith of that contract the plaintiff parted with a valuable consideration. The fact that the two checks presented to the defendant were 41 cents in excess of the amount which defendant promised to pay did not defeat plaintiff's right of recovery, since the 41 cents was later entered as a credit on the check, and since the defendant did not refuse payment by reason of such excess, nor by reason of any objection to the identity of the checks which it had agreed to pay. Henrietta National Bank v. State National Bank, 80 Tex. 648, 16 S. W. 321, 26 Am. St. Rep. 773; State Bank of Fox Lake v. Citizens' National Bank of King Co., 114 Mo. App. 663, 90 S. W. 123; Scudder v. Union National Bank, 91 U. S. 406, 23 L. Ed. 245; 3 R. C. L. pp. 1306, 1307.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.